Samuel H. Hofstadter, J.
The defendants, National Broadcasting Company, Inc. and Procter & Gamble Distributing Company move for an order, pursuant to rule 103 of the Buies of Civil Practice, striking from the complaint paragraphs “ 4 ”, “ 6 ”, “ 7 ” and “ 9 ” or parts of such paragraphs contained in the first cause of action, and paragraphs “4”, “5”, “6”, 7 ”, “ 8 ”, “ 9 ” and “ 11 ” as incorporated by reference in the second cause of action; pursuant to rule 102 requiring the service of an amended complaint which will make more definite and certain whether plaintiff is suing upon breach of contract or quasi-contract or tort, and if in tort whether for fraud and deceit or for defamation. They move, further, in the alternative, for an order pursuant to rule 90 requiring plaintiff to serve an amended complaint in which his causes of action will be separately numbered and stated. No objection is presently raised as to the sufficiency of either cause as pleaded.
The action results from the TV quiz program furor. Plaintiff urges that by his first cause of action he seeks compensation for damages sustained by reason of his induced participation in a rigged quiz show without knowledge or any wrongdoing and with consequent destruction of reputation upon the exposure of such rigging. He alleges that the defendants represented to the public that the quiz program ‘ ‘ Tic Tac Dough ’ ’ was honestly produced and conducted in good faith on a high level of integrity, without any fraud, deceit or deception, and without prerehearsal, coaching or assistance, and that the contestant’s success or failure depended solely upon personal skill, knowledge and information. The further allegation that by reason thereof the program attracted millions of viewers who became interested in each program, its personalities and contestants, all to the great financial gain and benefit of the defendants, and induced members of the public to appear and compete for the prizes offered to contestants, is appropriate as a statement ■ of the measure of inducement and of resultant damage to reputation.
Plaintiff alleges further that he believed the representations to be true, relied on them, was induced thereby to participate as a contestant and appear publicly as a participant therein in May and December, 1958. The additional allegation that at the time of plaintiff’s appearance there was implicit promise, understanding or agreement between the defendants and the plaintiff that the latter was to appear and participate in a public contest conducted honestly and fairly and in good faith, without fraud, deceit or deception upon him or upon the public, and that the *321 contest or competition would be without any favoritism, advantage or assistance to any contestant over another purports to state only a continuation of the inducement and not a basis of separate claim or damage arising from contract or quasi-contract. The total effect of the allegations is a continuing representation to the public as to the nature, quality and character of the program and to members of the public to participate therein. The further allegation that defendants, for gain and trade, have consciously and deliberately abused the plaintiff’s rights and violated, infringed and imposed upon such rights, and wrongfully and fraudulently induced and permitted him to appear and participate in the program, without informing him as to its true nature, have caused him great humiliation and embarrassment, and the defendants unjustly enriched themselves at his expense also constitutes a proper .continuation of the statement of plaintiff’s claim of a wrongful scheme to induce his appearance and participation in a rigged program to the damage of his reputation. Thus, in the first cause of action, plaintiff purports to set forth a single grievance, damage to his person by reason of the basic fraud.
In his second cause of action plaintiff alleges that he had appeared as a contestant and participated publicly on the program on stated days and had reached a point in the competition on December 22, 1958 when the prize to which he was entitled as winning contestant, would have been the sum of $40,000. However, to favor and assist the plaintiff’s then opponent defendants deliberately and fraudulently failed to continue with the questioning and failed to submit to the plaintiff’s opponent the question which should then have and could have been submitted to him, and instead deliberately and fraudulently stalled and finally postponed further questioning of plaintiff’s opponent to afford him an opportunity to ascertain or learn the correct answer. By reason of such fraudulent conduct and assistance, plaintiff was wrongfully deprived of the sum of $40,000.
Though the statement of the second cause of action may not require incorporation by reference of the allegations of the first cause of action, in the context of this complaint, they may furnish appropriate background; and in any event, offer no confusion or other mischief. The motion is in all respects denied.