William C. Hecht, Jr., J.
Plaintiff seeks to recover damages (a) for wrongs allegedly perpetrated on her by reason of having-been induced to participate in a “rigged” quiz show and (b) compensation by way of a prize to which she would have been entitled had it not been for aid wrongfully given to her opponent.
Each of the defendants has moved for substantially the same relief under rule 106 or rule 107 or rule 90 of the Rules of Civil Practice. They contend that there are four separate causes of action set forth in the group of paragraphs which plaintiff has designated as her first cause of action. They argue that the first cause of action must be viewed as either a cause of action for fraud or in the alternative for defamation, or a statutory action for invasion of privacy or an action in quasi contract.
Recently in Clark v. National Broadcasting Co. (22 Misc 2d 319, affd. 11 A D 2d 642) Mr. Justice Hofstadter ruled on a motion made with respect to a complaint similar .to that at bar that: ‘ ‘ The total effect of the allegations is a continuing-representation to the public as to the nature, quality and character of the program and to members of the public to participate therein. The further allegation that defendants, for gain and trade, have consciously and deliberately abused the plaintiff’s rights and violated, infringed and imposed upon such rights, and wrongfully and fraudulently induced and permitted him to appear and participate in the program, without informing him as to its true nature, have caused him great humiliation and embarrassment * * * constitutes a proper continuation of the statement of plaintiff’s claim of a wrongful scheme to *111 induce Ms appearance and participation in a rigged program to the damage of his reputation ’ ’.
I agree that in the complaint here in the first cause of action ‘ ‘ plaintiff purports to set forth a single grievance, damage to [her] person by reason of the basic fraud ” (Clark v. National Broadcasting Co., supra).
While Mr. Justice Hoestadteb did not pass upon the sufficiency of the causes alleged in Clark v. National Broadcasting Co. (supra) within the confines of all the allegations in the instant case, which in my opinion sets forth a single cause of action, I perceive, assuming the truth of said allegations, a prima facie showing of a wrong to plaintiff with attendant damages and, though it is a novel claim, conclude that there is no ground to dismiss for insufficiency pursuant to rule 106, or to require plaintiff to separately state and number pursuant to rule 90.
With respect to the claim of release plaintiff correctly points out that the purported “ release ” sought to absolve defendants from further damage which plaintiff might sustain and that the “ release ” was obtained through fraud. Under all the circumstances here which I do not deem necessary to detail, I reject the contention that the first cause of action should be dismissed pursuant to subdivision 6 of rule 107 because of release or pursuant to subdivision 5 of rule 107 because it is untimely.
In summary therefore, all motions of each defendant with respect to the first cause of action are in all respects denied.
In her second cause of action plaintiff alleges, after incorporating all of the allegations of the first cause, that she appeared as a contestant during December, 1957 and reached the point where as a winning contestant she would have been entitled to $4,000. Thereupon, it is alleged, her opponent was assisted deliberately and fraudulently by being furnished with answers in advance, and that she was thus deprived of the sum of $4,000 and an opportunity to go on to win the sum of $64,000.
I agree with the defendants’ contention that in the second cause plaintiff affirms the contract and wishes to recover thereon in accordance with the defendants ’ obligation, but plaintiff fails to set forth the terms of the contract so as to enable her to recover damages for an alleged breach thereof.
Plaintiff contends that she is not suing for the prize on the assumption that she won it, but rather she is suing for damages measured on the basis of the claim of the breach of contract to run the contest fairly and to award the prize on merit.
The obligation to make a payment pursuant to the contract is not altered or in any way affected by any action on the part of *112 the defendants which may he deemed to be fraudulent, with respect to the incurring or the accrual of its obligation.
In any event, the contract, which plaintiff claims was breached by fraudulent conduct, must be set forth. The second cause of action, therefore, is insufficient.
As previously indicated each of the motions of all moving parties are denied with respect to the first cause of action. With respect to the second cause of action the motions for insufficiency are granted with leave to plaintiff to serve an amended complaint as to the second cause of action within 20 days from service of a copy of this order with notice of entry.