Henry Clay Greenberg, J.
The defendants move for dismissal of the complaint pursuant to subdivision 4 of rule 106, or, in the alternative, for relief pursuant to rules 102 and 103, directing plaintiff to serve an amended complaint complying with the requirements of section 241 of the Civil Practice Act. Plaintiff appeared as a contestant on the television progTam “ $64,000 Question”. He claims to be aggrieved by reason of the management of this program and has attempted to set out that grievance in six causes of action.
*130 The first cause is said to be in fraud with resulting damage by reason of involuntary defamation by association. It rests upon defendants’ conduct which upon disclosure resulted in defamation. Defendants argue that the end result of plaintiff’s TV appearance if defamatory is so only by reason of extrinsic facts, and, therefore, allegation of special damage is necessary. In addition, the revelations do not relate to plaintiff and cannot be made to relate to him absent extrinsic facts. Nevertheless, it must be deemed a fact, as alleged, that plaintiff was presented upon a program which was rigged and he is entitled to maintain the action upon the basis that the revelations hit him as well as all others associated with the program, all of which was knowingly the result flowing naturally from the publication by TV. The alleged and defamatory result does, however, require a statement of special damage for without the ensuing exposure the TV show was entertainment, arousing suspicion in some maybe, but not defamatory, as it was broadcast.
Moreover, the first cause is sprinkled with allegations of fraud and of promises and agreements which are not spelled out and of breach of obligations not clearly specified. Of course, if, as defendants urge, no traditional tort is set forth, the irregularities referred to require elimination if a prima facie tort is to be set forth, and a statement of special damage is required. As it stands the statement of the first cause violates section 241 of the Civil Practice Act.
By the second cause, plaintiff claims invasion of privacy. Defendants urge that plaintiff knowingly appeared and, thus, his privacy was not invaded. It is not, however, an appearance incidental to a public event. (Gautier v. Pro-Football, 304 N. Y. 354.) Nevertheless, defendants argue that regardless of the manner of the inducement, the agreement to appear may not be disregarded and that consent is present, enough to defeat the claim of invasion. It does not appear, however, that, whatever consent may be inferred from plaintiff’s appearance on the program, there was a consent to the unrestricted use of his name and person. Consent is vitiated if, in fact, the conditions of such consent are knowingly, purposefully and willfully disregarded to such an extent as to produce a wrongful and violative use of plaintiff’s name and picture. If plaintiff had authorized the use of his name and TV presentation, it may not be assumed that he authorized the particular use found, as alleged, to have been fraudulent. It may be reasonably inferred that there was no consent to such use and, if the fact is to the contrary, it is a matter of defense (Russell v. Marboro Books, 18 Misc 2d 166).
*131 In the third cause, plaintiff attempts to allege upon prima facie tort. It is urged with respect thereto that there is lacking any allegation of temporal damage, and, in addition, there are allegations extraneous to the statement of such a cause. Plaintiff has argued with respect to the first cause that it is in defamation, in fraud, and action on the case. (Kujek v. Goldman, 150 N. Y. 176.) Again, in support of the third cause, he urges prima facie tort or action on the case.
Except for any claim of breach of contract, express or implied, or of statutory right of privacy, the acts alleged in the complaint would seem to be susceptible of invasion of a single right only. Thus, if it is not fraud or defamation, it must be prima facie tort. If it is the latter, the cause may not be split by setting forth in several causes different acts and conduct or theories of recovery with respect to the invasion of a single right. Trade, occupation, professional reputation or property are not seemingly here involved (Brandt v. Winchell, 283 App. Div. 338). Even so, temporal damage is required (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79). In this connection plaintiff falls back on his claim of damage by defamation and in doing so urges actually that the falsification of the program with knowledge of its consequence is negligent falsehood affecting plaintiff’s character and reputation.
Whatever label one may desire to attach to the statement of this novel set of facts, it should be declared, on the basis thereof, that lawfulness has been debauched, maintenance of the action should be permitted, and seemingly plaintiff can state sufficiently one or more causes of action. However, it is the court’s conclusion that no distinction is to be found between the first and third causes as they are stated.
In the fourth cause, plaintiff claims unjust enrichment, breach of contract, implied contract, misrepresentations in the inducement, fraud in the factum. The statement of the fifth cause does not differ materially. Again, it would seem that from the facts as stated in both causes only a single right has been invaded. In any case, no contract is set forth, nor the obligations to be performed by either party, nor any money or other thing entrusted to the defendants for plaintiff’s use or benefit. The causes are not concisely and clearly set forth.
The sixth cause is, again, set in prima facie tort, and, again, there is an attempt to characterize in a different way the same acts theretofore relied on.
There has not been compliance with section 241 of the Civil Practice Act in the statement of any of the causes set forth *132 in the complaint. The motion is granted as indicated with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order, with notice of entry.