Vincent A. Lupiano, J.
The defendant Pharmaceuticals, Incorporated, moves for dismissal of the first, third and sixth causes of action pursuant to subdivision 4 of rule 106 of the *937 Bules of Civil Practice. Other defendants by motions numbers 25 and 26 of June 23, 1960, move for like relief.
In the first cause, it is alleged that the plaintiff has been an attorney at law for a period of 13 years during which time she served as an Assistant United States Attorney for the Southern District of New York and in the office of the Corporation Counsel of the City of New York.
The defendant NBC produced and transmitted a quiz program known as ‘ ‘ 21 ”. Defendant Pharmaceuticals selected and sponsored the program and had full knowledge of and was familiar with and condoned and approved the manner in which the program was produced, handled, manipulated and used. The defendant Barry-Enright Productions, Inc., was an active participant in the fraud and deceit practiced upon the plaintiff and the public. They and defendant NBC participated in arranging, producing transmitting and presenting the program.
It is further alleged that the defendants intentionally represented to the plaintiff and the public that the program was produced and conducted honestly, in good faith and on a high level of integrity without prior rehearsal, coaching or assistance to or on the part of the contestants and that the contestant’s success depended solely upon skill, knowledge and information. The representations were made by the defendants knowingly and deliberately to induce the plaintiff and members of the public to become viewers and contestants and participants in the program. Plaintiff believed the representations and relied upon them but the program was not honestly, fairly or in good faith managed. Assistance and information was given to contestants at or prior to the actual broadcasting. As a result of investigations by Grand Juries and other public bodies, the truth became known, the fraud was exposed, the defendants discontinued the program, all with the result that the public believes that the contestants were privy to the fraud and dishonesty.
Plaintiff was thereby brought into scandal. The defendants deliberately induced and permitted her to appear in the program without informing her as to its true nature causing her great humiliation and embarrassment. The objections raised by all the moving defendants is that a claim in fraud is not made out since there is no allegation of knowledge of falsity of the representations at the time made. Even if the allegation of scienter were present, the first cause is still deficient, it is urged, for there is no allegation of collateral representations, but rather of promissory representation, the falsity of which gives rise to *938 a claim of breach of contract only. The difficulty with these objections is that plaintiff does not count on fraud and deceit or upon contract, but rather upon deceitful conduct resulting in defamation by involuntary association and without her consent.
Plaintiff argues that the defendants falsely depicited the plaintiff on television as a participant in a dishonest production, privy to their fraud and deceit, and thus grievously libeled her. (Kujek v. Goldman, 150 N. Y. 176; Shor v. Billingsley, 4 Misc 2d 857, affd. 4 A D 2d 1017; Burton v. Crowell Pub. Co., 82 F. 2d 154.) It is too late to raise an objection that a person cannot be defamed by TV. And whether the defamation was reasonably to be foreseen or is attributable to defendants must be left to trial.
Sufficient is set forth in the complaint to charge all of the moving defendants with the production and acts leading to the event. At least there is the question whether defendants are to be charged with responsibility for acts in a closely supervised field and chargeable with what existing investigative bodies exposed. It must be assumed, too, as a reasonable inference resulting from individual appearances by contestants, that the exposure hit the plaintiff. While the contestants may constitute a large group, it may be assumed, as a matter of pleading, that in the public view each member of the group is considered separately and individually as well as a member of the group collectively. Nor is the defamation in any particular words spoken but in the TV presentation of a program and contestant exposed as dishonest. There remains the question whether plaintiff is required to allege special damage.
It is not sufficient in the circumstances here that plaintiff is an attorney and was injured in her profession and reputation. It is not claimed that anything or any part of the TV presentation was capable of defaming at the time it was presented. Indeed, it is alleged, that “Asa result of investigations * * * the truth became known, the aforesaid fraud was exposed and the public thereby became outraged at the deceit and deception * * * with the result that the public believes that all contestants were privy to said fraud and dishonesty ”. Thus, the defamatory nature of the program was disclosed later only by reason of the exposure which is nowhere alleged to be inherent in the presentation itself.
The facts and circumstances relied on to produce defamation ■ are not in the picture but rather behind the scene and, consequently, these are extrinsic facts which alone contribute to and produce a defamatory presentation requiring the statement of special damage. This is so despite the fact that it is difficult in *939 the circumstances here to separate or segregate the end result from the undertaking itself and its potential consequence. Certainly, no compulsive concern is felt to save from legal grievance a program that debauched fair play, as alleged, and shocked the public conscience as reflected in the findings of investigative bodies.
If defendants knew the purpose and intent of the program as it was managed they ought not to be rescued from the consequence which, as already indicated, must, in the nature of the business, be deemed to be foreseeable as a matter of pleading. At present the first cause is insufficient for the reason indicated.
In the third cause of action, the same acts are relied on and there is now set forth an allegation of scienter. It is further alleged that plaintiff appeared, was interviewed and subjected to a written test at the request of Barry-Enright Productions and under the direction of the defendants, Barry and Enright. She was then informed that she had passed the written test and was asked to appear for another interview and she complied, was subjected to an additional interview and was requested to participate on the program scheduled for October 29, 1956.
She agreed and prepared for such participation and did so participate. The program on which plaintiff appeared as a contestant resulted in great financial gain and benefit to the defendants in their trades and business and by reason thereof the defendants have been unjustly enriched at plaintiff’s expense. It is quite true that action will lie to recover the damage incurred by reason of fraudulent inducement to enter into the contract. (Teepell v. Jefferson County Sav. Bank, 148 N. Y. S. 2d 347.) It is also true that plaintiff complains neither of the contract nor its performance. But, plaintiff does not state or seek to recover damage occasioned by fraud but rather defendants’ benefit reaped from the fraudulent use of plaintiff’s efforts and act done in reliance on the inducement.
Plaintiff should state clearly a cause for the recovery of damage for fraud stating factual allegations from which a conclusion of damage may be inferred or a cause for the recovery of profits and benefits unjustly reaped by the use of plaintiff’s talents, efforts and acts.
The sixth cause of action, is set in conspiracy. It is described by plaintiff as follows. It realleges the transmission, production and sponsorship of the contest, representations of the defendants (first cause of action), the implicit promise and agreement (second cause of action), and further alleges a conspiracy to fraudulently deprive the plaintiff of her rights under the agreement, needlessly to expend time and energy.
*940 Fraudulently depriving plaintiff of her rights under the agreement constitutes merely a manner of breach of contract which is immaterial when asserted against contracting parties, since a contracting party cannot be charged with conspiracy to breach its own contract. Plaintiff argues, further, that several causes of action may arise from or out of a contractual relationship and these may include fraud or conspiracy, or both. It is true that several causes may arise in the course of a conspiracy, but these grievances, if any, are the subject of the preceding causes and the allegation of conspiracy produces nothing further.
The moving defendants constitute all of the defendants save one and unless plaintiff is able to allege explicitely that the claimed agreement or agreements existing between the plaintiff and the defendants was not made with all of them, the cause in conspiracy must fail. There is no such civil action unless there is also injury to person or property or fraud. All of the substantive grievances set forth in the sixth cause as to the moving defendants are subject to the preceding causes.
The motion is granted dismissing the first, third and sixth causes of action, with leave to plaintiff to serve a further amended complaint, within 20 days from service of a copy of this order, with notice of entry.