Heretofore, an application had been made to strike out certain allegations as immaterial and repetitious and for an order requiring the plaintiff to make the complaint more definite and certain, or, in the alternative, that the plaintiff separately state and number his causes of action (22 Misc 2d 319). It was held that the first cause of action purported to set forth in narrative form “ a single grievance, damage to his person by reason of the basic fraud ” (p. 321) and as to the second cause of action it was said that the incorporation therein of all of the allegations of the first cause of action was not required but served as useful background and caused “no * * * mischief ” (p. 321). Similar litigations have arisen as a result of the exposure of the TY quiz scandal.
In Davidson v. National Broadcasting Co. (26 Misc 2d 936), it was held that libel per se was not set forth since libel was not portrayed on the television screen. If there had been any libel it resulted from matters occurring behind the scene, as subsequently exposed. In such a case a claim of libel by virtue of extrinsic facts requires the pleading of special damage. (See, also, Goldberg v. Columbia Broadcasting Co., 25 Misc 2d 129.) In the complaint in this action, the plaintiff sets forth only what may be regarded as general damage. However the cause of action may be classified, no grievance is set forth in the- absence of allegation of special damage.
The second cause of action is upon contract. Plaintiff claims that by reason of the general representation and invitation to the public and the members thereof to become contestants upon an honest program the plaintiff did so and participated as a contestant on December 8, 15 and 22, 1958 and reached a point in the competition on the 22d of December, 1958 where the prize to which the plaintiff, as winning contestant, would have been entitled was $40,000.
Plaintiff then alleges upon information and belief that in order to favor and assist the plaintiff’s opponent they deliberately and fraudulently failed to continue with the questioning and failed to submit to the plaintiff’s opponent the question which should and could then have been submitted to him and *483 instead stalled and finally postponed the further questioning of plaintiff’s opponent to afford the latter an opportunity to ascertain or learn the correct answer, and by reason thereof plaintiff was wrongfully deprived of the sum of $40,000.
An action for a prize is an action on a contract and the terms of the contract must be set forth so as to enable the court upon the basis of the complaint to determine whether plaintiff has fully performed and has stated an obligation on the part of the defendant which has been breached. While it may be inferentially presumed that the offer was made to this plaintiff who accepted it and that the contest regularly and correctly proceeded to the point where the plaintiff was at the $40,000 plateau, yet this would not be enough, for the plaintiff fails to allege what happened after the postponement of the questioning. The mere postponement did not cause the plaintiff to suffer for if on continuation the opponent failed the plaintiff might still have $40,000. Whether this is the fact the allegations do not purport to state. In his brief plaintiff states that he is not suing for the prize on the assumption that he won it but rather is suing for damages measured by the amount of the prize on the basis of a claim of breach of contract to have run the contest fairly and to have awarded the prize on merit.
The fraud perpetrated, if any, by reason of the general dishonesty is not a claim in lieu of or related to any claim of contract and breach thereof. Breach of contract is not altered in its nature and consequence merely because of alleged fraud in the performance thereof. If, as plaintiff insists, in the second cause of action, he is suing on contract, fraud is not part thereof, and, therefore, he must establish the terms of the contract and how it was breached.
The motions are granted, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.