Joseph A. Brtjst, J.
The defendants, Barry, Enright, and Barry-Enright Productions, Inc., move for dismissal for insufficency of the first, second, third and fifth causes and for dismissal pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice of the first and fifth causes upon the ground that their maintenance is time-barred and in the alternative, pursuant to rule 103 for an order striking out certain of the paragraphs of the complaint. By separate motion the defendant National Broadcasting Company, Inc., moves for like relief and by its still further separate motion defendant Pharmaceuticals, Incorporated, moves for like relief.
This is another of a series of several actions instituted by contestants who participated in TV quiz programs following exposure of “rigging.” Five causes are stated. The first cause is rested as plaintiff states on a claim of defamation by association. A substantially similar cause was stated in Davidson v. National Broadcasting Co. (26 Misc 2d 936). The defendants there raised similar objections. The court there stated (pp. 938-939) that plaintiff rested upon a claim of ‘£ deceitful conduct resulting in defamation by involuntary association and without her consent. * * *
££ It is too late to raise an objection that a person cannot be defamed by TV. And whether the defamation was reasonably to be foreseen or is attributable to defendants must be left to trial. * * *
“At least there is the question whether defendants are to be charged with responsibility for acts in a closely supervised field and chargeable with what existing investigative bodies exposed. It must be assumed, too, as a reasonable inference resulting from individual appearances by contestants, that the exposure hit the plaintiff. * * * Nor is the defamation in *878 any particular words spoken but in the TV presentation of a program and contestant exposed as dishonest. There remains the question whether plaintiff is required to allege special damage.
“It is not sufficient in the circumstances here that plaintiff is an attorney and was injured in her profession and reputation. It is not claimed that anything or any part of the TV presentation was capable of defaming at the time it was presented. Indeed, it is alleged, that ‘ As a result of investigations * * * the truth became known, the aforesaid fraud was exposed and the public thereby became outraged at the deceit and deception * * * with the result that the public believes that all contestants were privy to said fraud and dishonesty.’ Thus, the defamatory nature of the program was disclosed later only by reason of the exposure which is nowhere alleged to be inherent in the presentation itself. * * *
“ Certainly, no compulsive concern is felt to save from legal grievance a program that debauched fair play, as alleged, and shocked the public conscience as reflected in the findings of investigative bodies. * * *
‘ ‘ At present the first cause is insufficient for the reason indicated. ’ ’
In addition to a statement of general damage, plaintiff alleges that on or about October 1, 1959 he made application to The Fund for Adult Education for a fund fellowship in the amount of $7,500 and a similar application was made to the John Simon Guggenheim Memorial Foundation. During the Fall of 1959 the investigations exposing the situation had reached their climax and the applications were refused although on plaintiff’s standing, reputation and scholarship he had previously secured a CBS Foundation Fellowship. The allegation of special damage is sufficient. Such an allegation was essential by reason of the fact as stated in the cited opinion,- plaintiff must rely on extrinsic facts to support the claim of defamation. The applications for relief pursuant to subdivision 5 of rule 107 must be denied as untimely made. It appears that the action was commenced in the latter part of 1961. No reason appears why the motion for such relief was initiated by notice dated June 7, 1963.
Plaintiff concedes that he has stated no cause in a prima facie tort or one based on violation of the Civil Bights Law. Plaintiff attempts to support in addition only the second cause of action based on alleged breach of contract and by which plaintiff seeks to recover only the prize money in the sum of $100,000 which he might have attained. There is insufficient *879 allegation of the conditions of the contract with respect to prize money or any capable of affording legal basis of any definitely determinable damage.
Accordingly the applications for dismissal for legal insufficiency are granted as to the second, fourth and fifth causes and they are denied as to the first cause and the applications for dismissal of the first cause on the ground of the Statute of Limitations are denied for the reason indicated with leave to the defendants to plead the matter in defense. There remains the application in the alternative for relief pursuant to rule 103 with respect to the sole surviving cause. Those applications are granted with respect to the allegations of paragraph 13 and they are otherwise denied and the complaint is deemed amended accordingly.