■ JOHN HOLT, Respondent, v. COLUMBIA BROADCASTING SYSTEM, INC., et al., Appellants, et al., Defendants.— In an action to recover damages arising out of plaintiff's participation in a television program known as the "$64,000 Challenge", certain of the defendants appeal from so much of an order of the Supreme Court, Nassau County, dated August 31, 1961, as denied said defendants' motions, pursuant to rules 106 (subd. 4), 102 and 103 of the former Rules of Civil Practice, to dismiss the complaint and each of the 10 causes of action therein. Order modified: (1) by adding to its decretal paragraphs a provision striking out the fourth cause of action, with leave to replead said cause of action; and (2) by deleting its third decretal paragraph granting leave to replead the seventh, ninth and tenth causes of action. As so modified, order, insofar as appealed from, affirmed, without costs. Plaintiff's time to serve the amended complaint is extended until 30 days after entry of the order hereon. The complaint, purporting to allege 10 causes of action, is based, in substance, upon the claim that plaintiff was damaged in appearing as a contestant on the television program known as the "$64,000 Challenge" because, without his knowledge, the program was conducted fraudulently and dishonestly. Appellants moved to dismiss all the causes of action; and the disposition at Special Term was as follows: (1) the motion was granted, without leave to replead, as to the fifth, sixth and eighth causes of action, as to which plaintiff has not appealed; (2) the motion was denied with respect to the third and fourth causes of action; (3) it was granted with respect to the first and second causes of action, with leave to replead them as a single cause; and (4) it was granted with respect to the seventh, ninth and tenth causes of action, with leave to replead them as one cause. Appellants contend that all the causes of action should have been dismissed, without leave to replead any of them. The Special Term dismissed the first and second causes of action, holding that the first cause sufficiently alleged an action in libel, but that the second cause merely alleged an aggravation of the single defamation pleaded; and directed that the two causes be repleaded as one. We are of the opinion that those two causes (the first and second) were properly dismissed, not only for the reason stated, but because they failed to allege special damage. If plaintiff was defamed, it was not by the television broadcast but because of extrinsic facts concerning the manner in which the program allegedly was "rigged"; and, under such circumstances, an

allegation of special damage was essential to the sufficiency of the causes of action (*O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352, 358; *Goldberg* v. *Columbia Broadcasting System,* 25 Misc 2d 129). However, leave to replead was properly granted, as plaintiff may be able to allege special damage and a sufficient cause of action in libel (cf. *Corrigan* v. *Bobbs-Merrill Co.,* 228 N. Y. 58, 63–64; *Weston* v. *Commercial Advertiser Assn.,* 184 N. Y. 479, 483–484; *Davidson* v. *National Broadcasting Co.,* 26 Misc 2d 936, 938–939). We are also of the opinion that the third cause of action, alleging that defendants "without having first obtained the oral or written consent" of plaintiff, used plaintiff's "name and picture for advertising and trade purposes", stated a cause of action for invasion of his right of privacy under section 51 of the Civil Rights Law (cf. *Lomax* v. *New Broadcasting Co.,* 18 A D 2d 229). That cause of action, therefore, was properly sustained by the Special Term. The decision in *Gautier* v. *Pro-Football* (304 N. Y. 354), relied upon by appellants, is distinguishable, inasmuch as plaintiff's appearance on the television program here, unlike the appearance in that case, was not one incidental to a public event. In our opinion, however, the fourth cause of action for breach of contract should be dismissed with leave to replead, because of its failure to allege the essential terms of the contract upon which that cause of action is based, and because of the failure to allege facts showing damage (*Vanguard Military Equip. Corp.* v. *Schulein,* 266 App. Div. 912; *Samson United Corp.* v. *Udylite Corp.,* 276 App. Div. 947). The seventh, ninth and tenth causes of action for prima facie tort, in our opinion, were properly dismissed (*Leather Development Corp.* v. *Dun & Bradstreet,* 15 A D 2d 761, affd. 12 N Y 2d 909). We believe, however, that leave to replead those causes should not be allowed. It does not appear that appellants' actions constituted the malicious and unjustifiable attempt to injure plaintiff which is an essential ingredient in an action for prima facie tort (*Ruza* v. *Ruza,* 286 App. Div. 767, 769; *Benton* v. *Kennedy-Van Saun Mfg. Corp.,* 2 A D 2d 27, 29). Moreover, a cause of action based on an alleged prima facie tort is insufficient when its basic allegations constitute grounds for a cause of action based on a "traditional tort" such as libel. This is particularly so when plaintiff has pleaded and has been granted leave to replead a cause of action based on such a traditional tort (*Crosby* v. *Reilly,* 20 A D 2d 561). If an amended complaint is served, it should contain the "plain and concise statements" required by statute (CPLR 3014). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.