■ FONTAINE SHERIDAN et al., Appellants, v CINDY CARTER et al., Defendants, and STAND UP MINISTRY, Respondent. [851 NYS2d 252]—

In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated December 4, 2006, as granted that branch of the cross motion of the defendant Stand Up Ministry which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) and, in effect, denied their application pursuant to CPLR 3211 (e) for leave to replead the third cause of action.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision, in effect, denying the plaintiffs' application pursuant to CPLR 3211 (e) for leave to replead the third cause of action and substituting therefor a provision granting the plaintiffs' application and (2) by adding thereto, following the phrase "the defendant Stand Up Ministries' [*sic*] motion is granted" the words "without prejudice to the plaintiffs' right to renew their opposition to the

motion of the defendant Stand Up Ministry after they have repleaded the third cause of action"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In their action, inter alia, to recover damages for defamation, the plaintiffs alleged that, on November 15, 2005, the defendant Stand Up Ministry (hereinafter SUM) distributed a flyer and posted a message on its Web site which contained false and defamatory statements about them. In the flyer and on the Web site, SUM claimed, among other things, that over a span of three years, the plaintiffs physically abused the defendant Cindy Carter, their former domestic employee.

The Supreme Court correctly granted that branch of SUM's cross motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7). Contrary to the plaintiffs' contention, the Supreme Court properly concluded that SUM's published statements addressed a matter of public concern (*see Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199 [1975]). The exhibits attached to the complaint demonstrated that the plaintiffs' alleged mistreatment of Carter, a physical altercation between Carter and the plaintiff Fontaine Sheridan, and the related criminal proceedings against Fontaine Sheridan had been the subject of local media coverage for several months at the time SUM published its statements related to those matters (*see Gaeta v New York News,* 62 NY2d 340, 349 [1984]). Thus, to recover on the cause of action alleging libel, there must be allegations, which if proven, would show that SUM "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d at 199). Taking the allegations in the complaint and supporting affidavit as true, and according the plaintiffs the benefit of every possible favorable inference (*see Schlackman v Robin S. Weingast & Assoc., Inc.,* 18 AD3d 729, 729-730 [2005]; *Montes Corp. v Charles Freihofer Baking Co., Inc.,* 17 AD3d 330 [2005]; *Cooney v Cooney,* 13 AD3d 407, 409 [2004]), the plaintiffs failed to allege that SUM published its statements in a grossly irresponsible manner. Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against SUM for failure to state a cause of action.

However, viewing the record on appeal as a whole, we conclude that there are sufficient evidentiary facts to justify granting the plaintiffs' application for leave to replead this cause of action, which was made in opposition to SUM's motion to

dismiss. Accordingly, that branch of SUM's cross motion which was to dismiss the complaint for failure to state a cause of action should have been granted without prejudice to the plaintiffs' right to renew their opposition to the motion after they have repleaded the third cause of action.

The plaintiffs' remaining contention is without merit. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.