In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 15, 2013, as granted those branches of the motion of the defendants Joel Landau, Jack Basch, Leibel Rubin, Marvin Rubin, Solomon Rubin, Alliance Health Associates, Inc., and Alliance Health Property, LLC, which were pursuant to CPLR 3211 (a) to dismiss the first, fifth, seventh, eighth, tenth, sixteenth, and seventeenth causes of action, the third and twelfth causes of action insofar as asserted against each of them, and the ninth cause of action insofar as asserted against the defendants Leibel Rubin, Marvin Rubin, and Solomon Rubin, and those branches of the separate motion of the defendants Judith Eisen and Garfunkel Wild, P.C., which were pursuant to CPLR 3211 (a) to dismiss the eleventh and fourteenth causes of action and the third and twelfth causes of action insofar as asserted against each of them, and, in effect, denied his application for leave to replead.
*987 Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, in effect, denied the plaintiff’s application for leave to replead is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof, in effect, denying the plaintiff’s application for leave to replead the seventh, eighth, and sixteenth causes of action, and substituting therefor a provision granting that application, and (2) by deleting the provision thereof granting those branches of the motion of the defendants Judith Eisen and Garfunkel Wild, P.C., which were pursuant to CPLR 3211 (a) to dismiss the eleventh and fourteenth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The instant action involves the purchase of Ruby Weston Manor and Marcus Garvey Residential Rehab Pavilion, Inc., which were both financially troubled nursing home facilities located in Brooklyn. The plaintiff, Jonathan Mawere, alleges that the defendants Joel Landau and Jack Basch agreed to jointly purchase and operate the facilities together with him, via operating companies, the nominal defendants Alliance Health Associates, Inc., and Alliance Health Property, LLC, but that Landau and Basch, along with the defendants Leibel Rubin, Marvin Rubin, and Solomon Rubin (hereinafter collectively the purchasing defendants) ultimately excluded him from the transaction. He further alleges that the defendants Garfunkel Wild, P.C., and Judith Eisen, a partner in that firm (hereinafter together the law firm defendants), breached fiduciary obligations they owed to him by helping the purchasing defendants complete the transaction. The purchasing and nominal defendants moved, and the law firm defendants separately moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motions, and the plaintiff appeals.
“A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff’s factual allegations, thereby conclusively establishing a defense as a matter of law” (Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786 [2015] [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
*988 In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), “the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Sokol v Leader, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; see Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; Sokol v Leader, 74 AD3d at 1181). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, “the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d at 786).
The Supreme Court properly granted that branch of the purchasing and nominal defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the seventh and eighth causes of action, alleging breach of an oral joint venture agreement, asserted against Landau and Basch. “The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses” (Commander Terms. Holdings, LLC v Poznanski, 84 AD3d 1005, 1009 [2011] [internal quotation marks omitted]; see Clarke v Sky Express, Inc., 118 AD3d 935, 936 [2014]). The plaintiff failed to state a cause of action based on a joint venture agreement because he failed to allege “a mutual promise or undertaking to share the burden of the losses of the alleged enterprise” (Rocchio v Biondi, 40 AD3d 615, 616 [2007]; see Matter of Steinbeck v Gerosa, 4 NY2d 302, 317 [1958]; First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135, 1137 [2010]; Latture v Smith, 1 AD3d 408, 408-409 [2003]).
However, viewing the record as a whole, and considering that the complaint sufficiently pleaded all other essential ele *989 ments of a joint venture agreement, the Supreme Court should have granted the plaintiff’s application for leave to replead the seventh and eighth causes of action, which was made in opposition to the purchasing and nominal defendants’ motion to dismiss (see Sheridan v Carter, 48 AD3d 447, 448-449 [2008]; see also Holt v Columbia Broadcasting Sys., 22 AD2d 791 [1964]).
Furthermore, although the Supreme Court properly granted that branch of the purchasing and nominal defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the sixteenth cause of action, which sought the imposition of a constructive trust, on the ground that the plaintiff failed to sufficiently allege the existence of a confidential or fiduciary relationship (see Rocchio v Biondi, 40 AD3d at 616), under the circumstances presented here, it should have granted the plaintiff’s application for leave to replead that cause of action as well (see Sheridan v Carter, 48 AD3d at 448-449).
The Supreme Court properly granted that branch of the purchasing and nominal defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, alleging fraud, asserted against Landau and Basch, since the plaintiff failed to allege fraud collateral to the terms of the alleged joint venture agreement between the plaintiff and those defendants (see McGee v J. Dunn Constr. Corp., 54 AD3d 1010 [2008]; Kaufman v Torkan, 51 AD3d 977, 980 [2008]; Rocchio v Biondi, 40 AD3d at 617). Moreover, the plaintiff alleged no out-of-pocket losses resulting from the fraud, and claimed damages to compensate him only for “what [he] might have gained” (Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d 264, 271 [2010]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Route 217, LLC v Greer, 119 AD3d 1018, 1019-1020 [2014]). Furthermore, the Supreme Court properly directed the dismissal of the ninth cause of action, insofar as it alleged tortious interference with contractual relations against the defendants Leibel Rubin, Marvin Rubin, and Solomon Rubin, as the complaint failed to adequately plead that those defendants intentionally procured Landau and Basch’s alleged breach of the joint venture agreement (see Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 709 [2011]; Washington Ave. Assoc. v Euclid Equip., 229 AD2d 486, 487 [1996]).
The Supreme Court properly granted those branches of the purchasing and nominal defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the seventeenth cause of action, seeking an accounting, asserted against the purchasing and nominal defendants, and the fifth and tenth causes of ac *990 tion, alleging negligent misrepresentation and breach of fiduciary duty, respectively, asserted against Landau and Basch. The complaint failed to state a cause of action for an accounting, as the plaintiff failed to allege that he made a demand for an accounting, that the purchasing and nominal defendants were in possession of the books, records, profits, or other assets of the alleged joint venture, and that they failed or refused to provide such an accounting (see NAB Constr. Corp. v New York City Paper Mill, 265 AD2d 312 [1999]). Furthermore, the court properly directed the dismissal of the negligent misrepresentation cause of action, as the plaintiff did not allege the violation of any legal duty by Landau and Basch independent of the duty created by the alleged joint venture agreement and, thus, the plaintiff failed to allege any legal duty that would give rise to an independent tort cause of action (see Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC, 116 AD3d 506, 507 [2014]). The court also properly directed the dismissal of the breach of fiduciary duty cause of action asserted against Landau and Basch, as it is duplicative of the breach of contract causes of action, since those causes of action are based on the same facts and seek essentially identical damages (see Canzona v Atanasio, 118 AD3d 841, 843 [2014]; Brooks v Key Trust Co. N.A., 26 AD3d 628, 630 [2006]).
However, the Supreme Court should not have granted those branches of the law firm defendants’ motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the eleventh and fourteenth causes of action, alleging legal malpractice and breach of fiduciary duty, asserted against them. The documentary evidence they submitted did not conclusively establish that no attorney-client relationship existed between them and the plaintiff (see CPLR 3211 [a] [1]). Furthermore, granting all favorable inferences to the plaintiff, the allegations in the complaint were sufficient to plead the existence of an attorney-client relationship between the law firm defendants and the plaintiff (see CPLR 3211 [a] [7]; Tropp v Lumer, 23 AD3d 550, 551 [2005]), and that the law firm defendants committed legal malpractice and breached their fiduciary duties to the plaintiff (see Rudolfo Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Kurtzman v Bergstol, 40 AD3d 588, 590 [2007]; Collins v Telcoa Intl. Corp., 283 AD2d 128, 134 [2001]).
The Supreme Court properly granted those branches of the motions which were pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, alleging aiding and abetting fraud, asserted against all the defendants, because the complaint failed to sufficiently plead an underlying cause of action to re *991 cover damages for fraud (see Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044 [2015]).
The parties’ remaining contentions are either not properly before this Court or without merit. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.