■ TDD IRREVOCABLE TRUST, Respondent, v J & A SAPORTA REALTY CORP., Appellant. [31 NYS3d 541]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated November 27, 2013, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint are granted.

On August 3, 2007, Susan Odery and Frank Odery (hereinafter together the Oderys), who were then the owners of the subject property, created the plaintiff, TDD Irrevocable Trust (hereinafter TDD), for the benefit of Timothy DiResta. The

trust agreement conveyed to Susan Odery, as trustee, a 5% interest in the proceeds of any sale of the property, to be distributed to DiResta. The trust agreement provided that the trust would end once the property was sold to a third party. The trust agreement was recorded on February 3, 2009.

On June 9, 2009, a deed was recorded conveying the property from the Oderys to nonparty James MacDonald. By recorded deeds, MacDonald later conveyed the property to nonparty JDM Corporation (hereinafter JDM), and JDM later conveyed it to the defendant J & A Saporta Realty Corp. (hereinafter J & A).

Thereafter, TDD commenced the instant action. In an amended complaint, TDD alleged that its 5% interest in the proceeds of the sale of the property had never been paid, that it had an interest in the property to which the property remained subject, and that the deed transferring the property from the Oderys to MacDonald, and the subsequent deeds, were therefore invalid. The amended complaint alleged that Susan Odery had resigned as trustee and been replaced in that role by DiResta. TDD annexed a copy of the trust agreement as an exhibit to the complaint.

J & A moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint. The Supreme Court denied those branches of the motion, determining that TDD's allegations were sufficient to state a cause of action for an equitable lien on the property and that the documentary evidence on which J & A relied did not definitively establish that TDD had no such claim. J & A appeals.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mawere v Landau*, 130 AD3d 986, 987 [2015] [internal quotation marks omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Vertical Progression, Inc. v Canyon Johnson Urban Funds*, 126 AD3d 784, 786 [2015]).

In determining a motion pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [c]; *Sokol v*

*Leader*, 74 AD3d 1180, 1181 [2010]). When evidentiary material is considered on such a motion, and the motion has not been converted to one for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Mawere v Landau*, 130 AD3d at 988).

Here, the allegations in the amended complaint, together with the trust agreement, which became part of that pleading (*see Laxer v Edelman*, 75 AD3d 584, 585-586 [2010]), and which J & A submitted in support of its motion to dismiss, conclusively established that TDD has no legal interest in the property, as a right to the proceeds of a sale of real property is not an interest in the property itself (*see Anderson v Wilson*, 289 US 20, 25-26 [1933]; *Salisbury v Slade*, 160 NY 278, 290-291 [1899]; *Delafield v Barlow*, 107 NY 535, 539-540 [1887]; *cf. King v Pelkofski*, 20 NY2d 326, 330-333 [1967]).

Contrary to the Supreme Court's determination, the allegations in the amended complaint, together with the annexed trust agreement, were insufficient to state a cause of action for the imposition of an equitable lien on the property, as they set forth no facts demonstrating the existence of an agreement between the parties that the Oderys' obligations under the trust agreement would be secured by the underlying property (*see James v Alderton Dock Yards*, 256 NY 298, 304 [1931]; *Liselli v Liselli*, 263 AD2d 468, 469 [1999]; *Datlof v Turetsky*, 111 AD2d 364, 365 [1985]).

Since it has no legal interest in the property, TDD has no standing to seek a determination that the deed transferring the property from the Oderys to MacDonald, and the subsequent deeds, were invalid (*see* RPAPL 1501 [1], [4]; *Ta Chun Wang v Chun Wong*, 163 AD2d 300, 302 [1990]; *Leonard v Schwartz*, 277 App Div 1058 [1950]) and, with neither a legal interest in nor an equitable lien on the property, TDD has no right to enforce the trust agreement against J & A.

Accordingly, the Supreme Court should have granted those branches of J & A's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.