## Core Scaffold Sys. Inc. v City Wide Bldrs. Grp Inc.

2025 NY Slip Op 31788(U)

May 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 525946/2024

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 14th day of May 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

CORE SCAFFOLD SYSTEMS INC.,

                         *Plaintiff(s),*

     *-against-*

CITY WIDE BUILDERS GRP INC.,
RACHEL GOTTLIEB, and MOSES FREUND,

                        *Defendant(s).*

**DECISION & ORDER**

Index No.:     525946/2024

Calendar No.: 13

Motion Seq.:   MS001

*Recitation of the following papers as required by CPLR 2219(a):*

                                               **Papers Numbered**

Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 4-12)...........................................1, 2
Affirmation and Exhibits in Opposition (NYSCEF 13-19)....................3
Reply Memorandum of Law (NYSCEF 21)........................................4

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

It is undisputed that this is an action seeks to recover damages based on a "72-hour

cancellation" clause within two separate contracts between the parties. The complaint alleges

four causes of action. Plaintiff's first two causes of action seek payment of the 10% cancellation

fee for each contract since defendant cancelled outside the 72-hour period. The third cause of

action seeks to enforce the personal guaranty executed by defendant Gottlieb and the fourth

cause of action seeks damages sounding in fraud based on defendants falsely disputing a

$28,850.00 credit card charge representing payment to plaintiff for one of the contracts.

Defendants now move to dismiss this action pursuant to CPLR § 3211 [a] [1] and [7] arguing that the contracts were properly cancelled within the 72-hour period. In support of the motion, defendants submit an affidavit and emails between the parties. In opposition, plaintiff also submits an affidavit and emails.

### a) CPLR § 3211 [a] [1]

"A motion pursuant to CPLR § 3211 [a] [1] to dismiss the complaint on the ground that the action is barred by documentary evidence may be [appropriately] granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense, as a matter of law" (*Karpovich v City of New York*, 162 AD3d 996, 997 [2d Dept 2018] *citing Mawere v Landau*, 130 AD3d 986, 987 [2d Dept 2015]; *see also Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007] [The construction of an unambiguous contract is a matter of law.] and *Goshen v Mutual Life Insurance Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "To constitute 'documentary' evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and other papers, the contents of which are essentially undeniable" (*Karpovich v City of New York*, 162 AD3d at 997-998; *see Prott v Lewin & Baglio*, 150 AD3d 908, 909 [2d Dept 2017]).

Affidavits submitted in support of such a motion do not qualify as documentary evidence because their "contents can be controverted by other evidence, such as another affidavit" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]; *Prott v Lewin & Baglio*, 150 AD3d at 909). However, emails can be documentary evidence that when considered as part of the totality of the documentary evidence, support a favorable inference in a plaintiff's favor and a

denial of defendant's motion to dismiss (*see Kolchins v Evolution Markets, Inc.*, 31 NY3d 100, 105 [2018]).

### b) CPLR § 3211 [a] [7]

Plaintiffs may submit affidavits in opposition to a motion to dismiss pursuant to CPLR § 3211 [a] [7] but are not obligated to do so to avoid a dismissal (*See Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Therefore, plaintiff may stand on the pleadings alone, "confident that its allegations are sufficient to state all of the necessary elements of a cognizable cause of action" to survive a motion to dismiss under CPLR § 3211 [a] [7] (*id.*). When determining a motion to dismiss pursuant to CPLR § 3211 [a] [7], the Court must accept the factual allegations in the complaint as true and "accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit into any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

However, if the Court considers evidentiary material outside the pleadings and the motion is not converted to one for summary judgment, "the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, [a] dismissal should not [be granted]" (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC*, 152 AD3d 478, 480 [2d Dept. 2017]).

### Analysis

Here, both parties have moved outside of the pleadings and submitted competing affidavits and emails as evidence. Therefore, defendants' emails submitted in support the motion do not constitute evidence that utterly refutes the plaintiff's factual allegations and conclusively establish a defense as a matter of law (*see Karpovich v City of New York*, 162 AD3d 997 *citing*

*Mawere v Landau*, 130 AD3d 987; CPLR § 3211 [a] [1]). Moreover, accepting the factual allegations in the complaint and plaintiff's affidavit as true and according plaintiff the benefit of every possible favorable inference, the facts fit within a cause of action for breach of contract (*see Leon v Martinez*, 84 NY2d 88; CPLR § 3211 [a] [7]).

    Accordingly, it is hereby

    ORDERED that defendants' motion for an order pursuant to CPLR § 3211 [a] [1] and [7] is denied.

    This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
Dated: 5/14/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____