Brewer v 71 Pilling Project, LLC

2026 NY Slip Op 02241

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anthony Brewer, appellant,

v

71 Pilling Project, LLC, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-11871, (Index No. 492/22)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Anthony Brewer, Brooklyn, NY, appellant pro se.

[*1]

DECISION & ORDER

In an action, inter alia, in effect, for a judgment declaring that a deed recorded on July 26, 2021, is null and void, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 3, 2023. The order and judgment, in effect, denied the plaintiff's motion to void the deed recorded on July 26, 2021, and that branch of his separate motion which was, in effect, for the same relief, and granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and its separate motion to void a deed recorded on July 3, 2023, and thereupon, dismissed the complaint and declared that the deed recorded on July 3, 2023, is canceled and discharged.

ORDERED that the order and judgment is modified, on the law, by adding thereto a provision declaring that the deed recorded on July 26, 2021, is not null and void; as so modified, the order and judgment is affirmed, without costs or disbursements.

The plaintiff commenced this action against the defendant, inter alia, in effect, for a judgment declaring that a deed possessed by the defendant and recorded on July 26, 2021 (hereinafter the July 2021 deed), to certain real property located in Brooklyn (hereinafter the premises) is null and void. According to the plaintiff, the July 2021 deed was void and the defendant was trying to defraud the plaintiff, who was allegedly a secured party creditor pursuant to a lease agreement. The plaintiff further alleged, among other things, that in October 2021, he signed a quitclaim deed, which was recorded on July 3, 2023, purportedly transferring the premises to Joihan Trust (hereinafter the July 2023 deed).

The plaintiff moved to void the July 2021 deed and separately moved, inter alia, in effect, for the same relief. The defendant moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint, on the ground, inter alia, that the plaintiff lacked standing. Thereafter, the defendant separately moved to void the July 2023 deed.

In an order and judgment dated October 3, 2023, the Supreme Court, in effect, denied the plaintiff's motion to void the July 2021 deed and that branch of his separate motion which was, in effect, for the same relief, and granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and its separate motion to void the July 2023 deed, and thereupon, dismissed the complaint and declared that the July 2023 deed is canceled and discharged. The plaintiff appeals.

"Where a CPLR 3211(a)(3) motion is based upon an alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89-90; see Agudas Chasidei Chabad of United States v Simpson, 239 AD3d 796, 799). The plaintiff does not have the burden of establishing his or her standing as a matter of law but must merely raise a question of fact as to standing to defeat such a motion (see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d at 90).

Under RPAPL 1501(1), to maintain an action to compel the determination of a claim to real property, the plaintiff needs an estate or interest in the real property. Here, the defendant established that the plaintiff was a tenant with no actionable interest in the premises and, thus, did not have standing to contest the defendant's ownership (see TDD Irrevocable Trust v J & A Saporta Realty Corp., 139 AD3d 706, 708; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010, 1014). In opposition, the plaintiff failed to raise a question of fact as to his standing.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which pursuant to CPLR 3211(a) to dismiss the complaint.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, the order and judgment must contain the appropriate declaration that the July 2021 deed is not null and void (see Lanza v Wagner, 11 NY2d 317, 334).

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court