■ Home Federal Savings Bank, as Successor to Hamilton Federal Savings, F. A., Respondent, v Tony E. Sayegh et al., Appellants, et al., Defendants. [671 NYS2d 698] —In an action to foreclose a mortgage, the defendants Tony E. Sayegh and Amale Sayegh appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), dated September 18, 1997, which, inter alia, granted the plaintiff's motion for summary judgment insofar as asserted against them.

Ordered that the order is affirmed, with costs.

It is a fundamental principle of contract interpretation that when a handwritten or typewritten provision conflicts with the language of a preprinted form document, the former will control, "as it is presumed to express the latest intention of the parties" (*Kratzenstein v Western Assur. Co.,* 116 NY 54, 57; *see, Poel v Brunswick-Balke-Collender Co.,* 216 NY 310, 322; *Ruiz v Chwatt Assocs.,* 247 AD2d 308; *Honigsbaum's, Inc. v Stuyvesant Plaza,* 178 AD2d 702; *Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, 233-234, *affd* 61 NY2d 976). In this case, the plaintiff Home Federal Savings Bank (hereinafter the bank) was not required to give the borrowers 30 days notice of default before accelerating the debt as provided under the preprinted provisions of the note and mortgage. The bank properly complied with paragraph 32 of the typewritten mortgage rider which gave it the right to demand immediate payment in full if the borrowers failed to make monthly payment of principal and interest as provided in the note for 30 days after it is due. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.