■ ARILD JEPPESTOL et al., Plaintiffs, v ALFA-LAVAL, INC., et al., Defendants, and STOKES DIVISION OF PHARMA GROUP, INC., Formerly Known as STOKES-MERRILL CORP., Defendant and Third-Party Plaintiff-Respondent. AMERICAN CYANAMID COMPANY, Third-Party Defendant-Appellant. [740 NYS2d 136] —In an action to recover damages for personal injuries, the third-party defendant, American Cyanamid Company appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), entered September 21, 2000, which granted the motion of the defendant third-party plaintiff Stokes Division of Pharma Group, Inc., formerly known as Stokes-Merrill Corp., to dismiss its counterclaim for contractual indemnification.

Ordered that the order is affirmed, with costs.

In 1981 the defendant third-party plaintiff, Stokes Division of Pharma Group, Inc., formerly known as Stokes-Merrill Corp. (hereinafter Stokes), contracted with the third-party defendant, American Cyanamid Company (hereinafter Cyanamid), to sell Cyanamid a tablet compression machine. The machine was delivered to Cyanamid in 1981, and for the next 13 years, Cyanamid performed the requisite maintenance and repairs on the machine. In 1994 the plaintiff Arild Jeppestol allegedly injured himself while performing routine maintenance on the machine, and commenced an action against Stokes. Stokes commenced a third-party action against Cyanamid, and in response to this action, Cyanamid brought a counterclaim against Stokes for contractual indemnification. Cyanamid based its counterclaim on an indemnification provision contained within its 1981 purchase order. However, contrary to Cyanamid's contentions, the proposal made by Stokes constitutes the offer and Cyanamid's purchase order the acceptance (*see* UCC 2-207 [1]); *see also Home Fed. Sav. Bank v Sayegh,* 250 AD2d 646; *Rochester Plumbing Supply Co. v A. Burgart, Inc.,* 49 AD2d 78). As a result, the indemnity provision included as an additional term in Cyanamid's acceptance is not part of the contract of sale because Stokes objected to such terms within a reasonable time (*see* UCC 2-207 [2] [c]). Thus, the court correctly dismissed Cyanamid's counterclaim for contractual indemnification. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.