OPINION OF THE COURT
Eugene E. Peckham, S.
The will of Cecile S. Jones named as coexecutors of her estate, Richard M. Runyon and Nancy A. Clarke, her daughter. Letters testamentary were issued to them on August 6, 2003.
Nancy A. Clarke has submitted to the Clerk of this Court a durable general power of attorney on the New York statutory short form by which she names Richard M. Runyon, her coexecutor, as her attorney-in-fact to carry out “estate transactions.” In an affidavit submitted with the proposed filing, Mr. Runyon states that Ms. Clarke “travels extensively and is *689 frequently unavailable to execute documents” and “the primary purpose of the Power of Attorney is to allow me to conduct my executorial duties without having to physically send documents to my Co-Executrix for execution.”
The power of attorney is requested to be filed pursuant to EPTL 13-2.3, 22 NYCRR 207.48 and section 5-1502G of the General Obligations Law. Those provisions provide rules for recording powers of attorney relating to or affecting “an interest in a decedent’s estate.” The phrase “interest in the estate” refers to that of a beneficiary, not an executor or other fiduciary. (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 13-2.3.) Thus, the section does not apply to the recording of a power of attorney from an executor.
But even more significant, a fiduciary cannot delegate the responsibility for the entire administration of the estate or trust. “[T]he duty of a fiduciary is personal and cannot be divested by delegation.” (41 NY Jur 2d, Decedents’ Estates § 1479, at 84-85.) A fiduciary who does so is liable for breach of trust and potentially subject to surcharge. (Woodbridge v Bockes, 59 App Div 503 [4th Dept 1901]; Matter of Badenhausen, 38 Misc 2d 698 [Sur Ct, Richmond County 1963]; Matter of Ringler & Co., 70 Misc 576 [Sup Ct, NY County 1911]; Restatement [Second] of Trusts § 171, Comment c; 2a Scott on Trusts § 171.1, at 439 [Fratcher 4th ed].) Consequently, a fiduciary is not authorized to give a general power of attorney. The phrase “estate transactions” in the General Obligations Law is limited to transactions by an estate or trust beneficiary, and does not apply to an attempted assignment by a fiduciary of total responsibility for the administration of the estate. In Woodbridge, the trustee gave a power of attorney to the husband of the income beneficiary of the trust to manage the trust. The Court held the trustee was guilty of a breach of trust. A fiduciary cannot delegate the whole responsibility for the administration of the estate, even to a cofiduciary.
If the fiduciary truly does not wish to participate in or be responsible for the administration of the estate, her solution is to petition the court for permission to resign her office. (SCPA 715.)