OPINION OF THE COURT
Robert M. Berliner, S.
This is a proceeding to determine the validity of a right of election. Petitioner, the executrix of the estate, seeks summary *867 judgment determining that the exercise of the right of election against decedent’s will by the attorney-in-fact of decedent’s now deceased wife, Bernice L. Levy-Lando, is ineffective. Respondents Lorelei S. Levy (the attorney-in-fact for her mother Bernice) and Arthur J. Levy (another child of Bernice) oppose the motion and ask the court to dismiss the petition, to declare that the purported waiver of the right of election signed by Bernice is invalid, that Bernice’s agent duly exercised her right of election, and that Bernice is entitled to her outright share of the estate, and to direct petitioner to pay Bernice’s estate her share. Respondents also ask the court to grant judgment to them on the ground that petitioner has defaulted by failure to answer their counterclaims interposed in the proceeding.
The sole ground upon which the motion for summary judgment is based is that Lorelei Levy, as the attorney-in-fact for her mother under a durable general power of attorney dated July 16, 2002, could not legally make the election, because the “right of election must be exercised by a decedent’s surviving spouse or by a duly authorized fiduciary” (affidavit of Susan Schoenfield para 13). Petitioner argues that the election cannot be made under a power of attorney, because an attorney-in-fact is not an authorized fiduciary under EPTL 5-1.1-A (c) (3).
Petitioner concedes that the notice of election dated July 28, 2005 was served on her before the death of Bernice Levy-Lando on August 12, 2005, and thus concedes that the notice was timely. Petitioner also concedes that, at the time of decedent’s death on December 31, 2004, Bernice lacked capacity, and that a guardian ad litem was appointed to represent her interests within the probate proceeding.
Petitioner’s argument is without merit. A durable general power of attorney is not enumerated in EPTL 5-1.1-A (c) (3) because to do so would be redundant. The statute does state that the right, which is personal to the surviving spouse, may be made by the committee of an incompetent, the conservator of a conservatee, the guardian ad litem for the surviving spouse, or a guardian authorized under article 81 of the Mental Hygiene Law, only if authorized by the court having authority over those individuals. However, a durable general power of attorney grants the attorney-in-fact full authority to act in the place and stead of the principal, which is not the case with court appointed guardians.
General Obligations Law § 5-1502G, the construction provision dealing with estate transactions, specifically states that *868 “the language conferring general authority with respect to ‘estate transactions’ [which the power of attorney in this matter did] must be construed to mean ‘the authority to’ execute, to acknowledge, to verify to seal, to file and to deliver any consent, designation, pleading, notice, demand, election, conveyance, release” (General Obligations Law § 5-1502G [7] [emphasis added]). Further, General Obligations Law § 5-1502G (10) provides that, in addition to all the specific acts enumerated in the section, the agent is authorized to do “any other act or acts . . . with respect to the estate of a decedent . . . in . . . which the principal has, or claims to have, an interest.” Thus, the language of the General Obligations Law makes it clear that an agent can do precisely what the agent in this case did: serve and file a notice of election.
Petitioner’s argument that respondents needed to request that the guardian ad litem seek permission from this court to serve the notice, or that they should have awaited the outcome of the Mental Hygiene Law article 81 guardianship proceeding which was begun in Westchester County Supreme Court where Bernice resided at the time of her death, in order to request permission from that court, is without merit. It is possible that the article 81 proceeding would have been dismissed in light of the existence of the power of attorney, or that it would have been limited to a guardianship of her person if no health care proxy had been executed. (See Matter of Albert S., 286 AD2d 684 [2d Dept 2001] [Supreme Court improvidently exercised its discretion in establishing guardianship where the alleged incapacitated person had executed a living will and a durable power of attorney]; Matter of Meisels, 10 Misc 3d 659 [Sup Ct, Kings County 2005] [guardian to be appointed only as last resort, not as substitute for person’s plan for management of his affairs through durable power of attorney and health care proxy].) In any event, the guardianship was not necessary to allow the attorney-in-fact to serve and file the notice of election on behalf of the principal.
The court finds that the service of the notice of election by Bernice’s attorney-in-fact was clearly within the agent’s powers, and the motion for summary judgment on that ground is therefore denied. Respondents’ request to dismiss the petition seeking to determine the validity of the right of election as well as for other relief is denied.