■ Er-Loom Realty, LLC, et al., Respondents, v Prelosh Realty, LLC, et al., Appellants. [909 NYS2d 714]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about May 14, 2009, inter alia, awarding plaintiff specific performance of a contract to sell real estate and related relief and denying defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff limited liability companies are the contract vendees of the two apartment buildings at issue in this action. Each company was formed by Prela Rukaj for the purpose of acquiring one of the buildings. Each defendant, also a limited liability

company, is the contract vendor for one of the buildings. Prela's mother, Lena Rukaj, and the estate of his late father, Toma Rukaj, are the sole members of each defendant. In September 2001, Toma and Prela reached an understanding that Toma would refinance the properties with 30-year mortgages and Prela would then purchase the properties in an installment sale with payments to be made when the mortgage payments came due. The parties contemplated that the sale would be structured to provide defendants with a net monthly payment of $16,500 after plaintiffs paid each mortgage installment. Prela, who took over management of the properties in September 2001, formed plaintiffs in 2002. In July 2002, defendants obtained the desired refinancing and the parties' attorneys began to prepare contracts of sale. The sale price was initially set at $4.25 million for both buildings, payable in monthly installments of $29,661 calculated to cover the mortgage payments and provide defendants with the contemplated $16,500 monthly net payments. In September 2002, two months before the contract was signed, plaintiffs began making the mortgage and installment payments. Following discussions with Prela's siblings, the purchase price was increased to $5 million payable in monthly installments of $17,000. The purchase agreement was executed at the office of defendants' counsel on December 18, 2002 by Prela on behalf of plaintiffs and Toma on behalf of defendants. The agreement, which was handwritten, incorporated two previously prepared typewritten agreements. The parties' attorneys, Lena and other family members were present when the agreement was signed. Consistent with the parties' understanding, the handwritten agreement incorporated the typewritten agreements' payment schedules and price riders, which provided for net payments to defendants of $17,000 as set forth above. The agreement provided that the purchase price would be secured by a wraparound mortgage if the existing mortgagee consented, or by personal guarantees if the mortgagee did not consent. After signing the agreement, Prela continued making the monthly purchase price installment payments. This action for specific performance and money damages was commenced after defendants repudiated the agreement in April 2004.

In granting plaintiffs summary judgment, the motion court properly rejected defendants' claim that the transaction was not approved by majority votes of defendants' members pursuant to Limited Liability Company Law § 402. Defendants' acceptance of the benefits of the agreement in the form of the monthly installment payments constituted a ratification that undermines their argument that the transaction was unauthorized (*see Philips S. Beach, LLC v ZC Specialty Ins. Co.*, 55 AD3d 493

[2008], *lv denied* 12 NY3d 713 [2009]). We are not persuaded by defendants' argument that the installment payments were made with their money in light of the unrefuted evidence that the cash flow from the buildings was insufficient to cover the operating expenses and the monthly payments. Their argument that the agreement was cancelled by its own terms is also unavailing. Here, defendants relied on language in the typewritten agreements that provided for cancellation of the sale on notice upon failure to obtain the mortgagee's consent to the transaction. That language was superseded by the handwritten agreement to the extent it provided for the giving of personal guarantees in the absence of the mortgagee's consent. The handwritten agreement presumably expressed the latest intention of the parties, and would control wherever it conflicts with the previously prepared typewritten agreement (*cf. Home Fed. Sav. Bank v Sayegh*, 250 AD2d 646, 647 [1998]).

Defendants have also failed to raise a triable issue of fact as to whether Toma had the mental capacity to enter into a binding contract on behalf of defendants. A party's competence to enter into a contract is presumed, and the party asserting incapacity bears the burden of proof (*Feiden v Feiden*, 151 AD2d 889, 890 [1989]). In this instance, defendants did not make a prima facie showing that any physical or mental condition rendered Toma incompetent to comprehend and understand the nature of the transactions underlying the agreement (*see e.g. Whitehead v Town House Equities, Ltd.*, 8 AD3d 367, 369 [2004]). Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 24 Misc 3d 1231(A), 2009 NY Slip Op 51689(U).]**