We have considered Oxford's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32602(U).]**

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FRAZIER, Appellant. [923 NYS2d 535]—

Upon remittitur from the Court of Appeals (16 NY3d 36 [2010]), judgment, Supreme Court, New York County (Rena K. Uviller, J., at competency hearing; Charles J. Tejada, J., at jury trial and sentencing), rendered April 10, 2008, convicting defendant of burglary in the second degree (three counts), grand larceny in the third degree (two counts) and bail jumping in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life for the burglary convictions, consecutive to concurrent terms of 2 to 4 years for the larceny convictions and consecutive to a term of 2 to 4 years for the bail jumping conviction, unanimously affirmed.

When this case was originally before us, defendant argued, inter alia, that the trial court erred in running his sentences for the burglary convictions consecutively with the sentences for the larceny convictions. Alternatively, defendant argued that the trial court's imposition of consecutive sentences for the burglary and larceny convictions was excessive. We held that the trial court erred as a matter of law in imposing consecutive sentences and modified the judgment to the extent of directing that the sentences for the larceny convictions be served concurrently with the sentences for the burglary convictions (58 AD3d 468 [2009]). The Court of Appeals disagreed (16 NY3d 36 [2010]); it held that consecutive sentences are authorized and remitted the matter to this Court for us to address the issue raised but not resolved on the prior appeal, namely, whether the trial court's imposition of consecutive sentences for the burglary and larceny convictions was appropriate under the facts of this case (16 NY3d at 41).

We find no reason to disturb defendant's sentence. The sentencing court actually imposed a rather lenient sentence by not running the two burglary sentences consecutively, which it could have done, given that the burglary of one apartment was an entirely separate crime from the burglary of another apartment. Moreover, given defendant's extremely extensive criminal history, it cannot be said that the sentence was excessive. Concur—Andrias, J.P., Moskowitz, Renwick and Freedman, JJ.

■ PORT PARTIES, LTD., Respondent, v ENK INTERNATIONAL LLC et al., Appellants. [923 NYS2d 839]—Consolidated appeals

from order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 12, 2009, which, to the extent appealed from, in the "fraud" action (index No. 101979/09, denied defendants' motions to dismiss the amended complaint, and in the "invoice" action (index No. 116257/08), denied defendants' motion to dismiss in part the amended complaint and granted plaintiff's cross motion to file a second amended complaint, unanimously dismissed, without costs, as moot in light of this Court's decision in *Port Parties, Ltd. v ENK Intl. LLC* (84 AD3d 685 [2011] [decided simultaneously herewith]). Concur—Andrias, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.

Motion to hold appeal in abeyance dismissed as moot.

■ VADYM MATAKOV et al., Respondents, v KEL-TECH CONSTRUCTION INC., Appellant, et al., Defendants. [924 NYS2d 344]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 1, 2010, which granted the motion of plaintiffs' class counsel for approval of attorneys' fees in the amount of $200,000, modified, on the law and the facts, to the extent of remanding the matter to Supreme Court for an evidentiary hearing to determine an appropriate award of attorneys' fees, and otherwise affirmed, without costs.

The subject motion seeks attorneys' fees incurred in connection with the settlement of two related class actions. Plaintiffs brought the actions alleging, inter alia, breach of contract and violation of the Labor Law, to obtain prevailing wages for work they had performed at New York City public schools pursuant to public contracts. Following more than five years of litigation, the parties entered into a stipulation of class action settlement (stipulation), pursuant to which defendant-appellant was to pay