■ PORT PARTIES, LTD., Respondent, v ENK INTERNATIONAL LLC et al., Appellants. [923 NYS2d 537]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 24, 2010, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

The complaint asserts causes of action for fraud, breach of the covenant of good faith and fair dealing, unjust enrichment, and conversion. As to the fraud cause of action, defendants demonstrated that plaintiff's claimed reliance on their alleged misrepresentation was not reasonable or justifiable (see Stuart Silver Assoc. v Baco Dev. Corp., 245 AD2d 96, 98-99 [1997]). In opposition, plaintiff failed to raise the inference that the exercise of reasonable diligence would have been fruitless and, under the circumstances of this case, plaintiff was required to try to determine the truth or falsity of the alleged misrepresentation. From 1997 to 2002, defendants never claimed that the commis-

sion plaintiff was paying was mandated by the New York City Economic Development Corporation (EDC). Thus, any claim they made in 2002 that the payment was mandated by EDC should have suggested its falsity and prompted plaintiff to make further inquiry (see *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 100 [2006], *lv denied* 8 NY3d 804 [2007]; *Abrahami v UPC Constr. Co.*, 224 AD2d 231, 234 [1996]).

Plaintiff's failure to question the newly mandated commission also renders its fraud cause of action time-barred, since it was not brought until seven years after, with reasonable diligence, plaintiff could have discovered the alleged fraud (*Rite Aid Corp. v Grass*, 48 AD3d 363 [2008]).

Plaintiff's remaining causes of action rely on its allegation of fraud and, absent a viable fraud cause of action, must also fail. Other than the allegation of fraud, which plaintiff is unable to establish, plaintiff fails to show how defendants were unjustly enriched by its payment of the commissions (see *Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 473 [2010]). Absent the alleged fraud, plaintiff fails to show, in support of its cause of action for breach of the covenant of good faith and fair dealing, that defendants "destroy[ed] or injur[ed] the right of [plaintiff] to receive the fruits of the contract" between the parties (see *Kirke La Shelle Co. v Armstrong Co.*, 263 NY 79, 87 [1933]). Absent the alleged fraud, plaintiff fails to show, in support of the cause of action for conversion, that defendants had "an obligation to return or otherwise treat in a particular manner the specific fund in question" (see *Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124 [1990], *lv denied* 77 NY2d 803 [1991]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.