■ KAREN L. PRUDEN, as Attorney-in-Fact for ERICKA K. SPINNER, a Person Alleged to be Incapacitated, Respondent, v

JEFFREY N. BRUCE, M.D., et al., Defendants, and IRA R. ABBOTT, III, M.D., et al., Appellants. [11 NYS3d 144]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about May 31, 2013, which, to the extent appealed from as limited by the briefs, sua sponte, appointed plaintiff Karen Pruden to act as guardian ad litem of Ericka Spinner, nunc pro tunc, pursuant to CPLR 1202, and denied the motion of defendants Ira R. Abbott, III, M.D. and Montefiore Medical Center (collectively Montefiore) to dismiss the complaint as against them pursuant to CPLR 3211 (a) (3), unanimously affirmed, without costs.

In 2009, the 21-year-old Spinner was diagnosed with a benign brain tumor. On January 13, 2010, she executed a durable power of attorney in which she designated Pruden, her mother, to serve as her attorney-in-fact and as her guardian, should guardianship proceedings become necessary. Spinner's signature was acknowledged by her physician and notarized by a witness. Acting pursuant to powers given to her by the validly executed power of attorney (see General Obligations Law § 5-1501 et seq.), Pruden commenced this medical malpractice action in December 2011.

In support of their motion to dismiss pursuant to CPLR 3211 (a) (3), Montefiore asserted that Spinner was not competent to execute the power of attorney. A party's competence to enter into a transaction is presumed, even if the party suffers from a condition affecting cognitive function, and "the party asserting incapacity bears the burden of proof" (Er-Loom Realty, LLC v Prelosh Realty, LLC, 77 AD3d 546, 548 [1st Dept 2010], lv denied 16 NY3d 710 [2011]; see Matter of Mildred M.J., 43 AD3d 1391 [4th Dept 2007]; Feiden v Feiden, 151 AD2d 889, 890 [3d Dept 1989]). Since Montefiore failed to submit any evidence concerning Spinner's competence at the time she executed the power of attorney, other than the document itself, it did not meet its initial burden in support of the motion, and the burden did not shift to plaintiff to demonstrate competency.

Under the circumstances presented, where Spinner has been rendered quadriplegic and unable to communicate, the court acted within its discretion in appointing Pruden to be Spinner's guardian ad litem without a hearing (CPLR 1202 [a]).

We have considered Montefiore's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.