OPINION OF THE COURT
David H. Guy, J.
Alan G.W. suffered a traumatic brain injury as the result of a snowmobile accident that occurred on January 27, 1992. By order of this court (Rumsey, J.) dated August 21, 1995, Marlene W. was appointed as guardian under article 81 of the Mental Hygiene Law for the personal needs and financial affairs of Alan G.W. That order appointed Alan’s father, Howard W, as standby guardian and appointed his sister, Carol A.R, as alternate standby guardian. Howard W. passed away on November 12, 2006. Marlene W. has now petitioned for her discharge as guardian for Alan G.W. and the appointment of Carol AR. as guardian to serve in place of her mother.
The petition is accompanied by a letter of resignation from Marlene. Both are executed by Carol on behalf of Marlene, pursuant to a power of attorney executed by Marlene in favor of Carol on February 13, 2013. The petition also includes a final report and account of guardian for the period of June 1, 2010 to November 30, 2015. These are also executed by Carol as attorney-in-fact for her mother.
The court reappointed Mental Hygiene Legal Services (MHLS) as Court Evaluator. MHLS served as Court Evaluator in the original proceeding in 1995. MHLS filed a letter report with the court on February 24, 2016.
All persons and entities required to be on notice of these proceedings have been properly served. The matter was returnable on submission on February 19, 2016. No responsive papers were received.
A threshold issue is the ability of Carol to execute the letter of resignation, petition and final report and account on behalf of her mother, utilizing her authority granted in the power of *1000 attorney. A fiduciary cannot fully delegate her fiduciary powers by granting a general power of attorney. (Matter of Jones, 1 Misc 3d 688 [Sur Ct, Broome County 2003].) An agent under a power of attorney cannot obtain a divorce for a principal by relying on the “all other matters” clause of the power of attorney (Mallory v Mallory, 113 Misc 2d 912 [Sup Ct, Nassau County 1982]), nor modify a trust instrument where neither the trust nor the power of attorney specifically authorize that (Matter of Goetz, 8 Misc 3d 200 [Sur Ct, Westchester County 2005]).
The actions sought to be taken by Carol as attorney-in-fact here are not for her own financial benefit, so they are not contrary to the fiduciary standard applicable to an agent. (See Matter of Ferrara, 7 NY3d 244 [2006].) They do not adversely affect or enhance personal financial rights or obligations of the principal, a factor in both Mallory and Goetz.
Carol is using the power of attorney to exercise limited fiduciary authority on behalf of her mother, to effectuate her resignation and replacement, in the best interest of the ward. On these facts, this exercise of authority by Carol falls within the scope of the “estate transactions” section of the power of attorney, pursuant to which an agent is authorized “to represent and to act for the principal in all ways and in all matters affecting any estate of a[n] . . . incompetent . . . with respect to which the principal is a fiduciary.” (General Obligations Law § 5-1502G [2].) This exercise is no more personal or discretionary than the execution of a waiver and consent to probate (Matter of Murray, 14 Misc 3d 591 [Sur Ct, Erie County 2006]) or a right of election (Matter of Lando, 11 Misc 3d 866 [Sur Ct, Rockland County 2006]; see Matter of Perosi v LiGreci, 98 AD3d 230, 237 [2d Dept 2012]).
The petition and Court Evaluator’s report indicate that Marlene’s ability to effectively serve as guardian for her son began to diminish in 2010. The last annual report submitted by Marlene personally was for the period that ended May of 2010. A compliance motion was brought by the Court Examiner of Cortland County against Marlene for her failure to file an annual report for the period that ended December 31, 2010. By 2012, Carol, a standby guardian appointed in the original decree, had taken over substantial responsibility for her mother’s guardianship duties. It was Carol’s realization that a *1001 formal guardianship bank account should have been created,[1] coupled with her inability to open that bank account without being formally appointed by the court, which was the genesis of this petition.
The final report submitted with the petition presents expense information only in summary form. No objection has been raised by the Court Examiner. The account shows gifts from Alan’s funds, which were authorized in the original order appointing guardian and explained in the body of the petition. No objection to those gifts has been made by any party on notice, including the facility where Alan lives and the New York State Insurance Fund, which is presumably paying the expense of Alan’s residence at Tree of Life Services, Inc. in Richmond, Virginia.[2]
It is evident that Marlene cannot continue in the role of legal guardian for Alan. It is equally evident, from the original order, the actual operation of this guardianship since at least 2012, the petition and the Court Evaluator’s letter, that Carol is willing and able to effectively serve as guardian. The petition is granted. Marlene is discharged as guardian of the person and property of Alan and Carol is appointed as successor guardian. Carol will have the powers as set forth in this order.
While the court is discharging Marlene as guardian, it must be noted that this discharge does not impact or control any determination which may subsequently be made with respect to the impact on governmental benefits available to Alan of the gifting made by Marlene, as guardian, from guardianship funds.
In furtherance of this petition, it is hereby ordered and adjudged, that the resignation of Marlene is hereby accepted, and Marlene is hereby released and discharged from any and all claims, demands, actions and liability for and account of the proceedings, acts or omissions of Marlene, as guardian of Alan, *1002 and it is further ordered and adjudged, that Carol, residing in New York, is hereby appointed guardian of the person and property of Alan.

. For some reason, Marlene never created a separate account, comingling Alan’s resources with her own in her individual checking account. Carol has continued this procedure, while assisting her mother with her guardian responsibilities.

. The petition does not directly disclose how Alan’s residential expenses at Tree of Life Services, Inc. are being paid. They do not appear to be paid from the income flowing into the guardianship. The petition discusses substantial efforts made by Marlene to obtain workers’ compensation payment of services for Alan, so it is the court’s presumption that the Insurance Fund is the source of the payment.