■ In the Matter of GEORGIOS BATLAS, Also Known as GEORGIOS KALAINTZOGLOU and Another, Deceased. NICHOLAS PATOURIS, as Ancillary Administrator of the Estate of GEORGIOS BATLAS, Also Known as GEORGIOS KALAINTZOGLOU and Another, Deceased, Respondent; ANGELA KLAVAS, Appellant. [41 NYS3d 110]—

In a turnover proceeding pursuant to SCPA 2103 to recover certain funds on behalf of the decedent's estate, Angela Klavas appeals from an order of the Surrogate's Court, Queens County (Kelly, S.), dated June 17, 2014, which granted the petitioner's renewed motion for summary judgment on the petition.

Ordered that the order is affirmed, with costs.

In 1985, Georgios Batlas, also known as Georgios Kalaintzoglou, also known as George X. Batlas (hereinafter the decedent), allegedly executed a statutory short form power of attorney naming the appellant, Angela Klavas, as his attorney-in-fact. Two months before the decedent's death in 2004, Klavas used that power of attorney to designate herself as the sole beneficiary of an annuity account held by the decedent. In September 2010, the annuity funds were disbursed to Klavas as beneficiary. In November 2010, Nicholas Patouris, as ancillary administrator of the decedent's estate (hereinafter the petitioner), petitioned on behalf of the estate for a turnover of the annuity funds disbursed to Klavas. Ultimately, the petitioner made a renewed motion for summary judgment on the petition, contending that the power of attorney used by Klavas was invalid because it had not been properly acknowledged. Klavas opposed the motion arguing, among other things, that the motion should be denied as premature because she had yet to depose the decedent's sole distributee. The Surrogate's Court granted the petitioner's renewed summary judgment motion upon determining that the power of attorney was not properly acknowledged and, therefore, was invalid to effect a change of beneficiary of the decedent's annuity.

To be valid, a statutory short form power of attorney must "[b]e signed and dated by a principal with capacity, with the signature of the principal duly acknowledged in the manner

prescribed for the acknowledgment of a conveyance of real property" (General Obligations Law § 5-1501B [1] [b]). The requirement that the power of attorney be acknowledged in the manner prescribed for the acknowledgment of a conveyance of real property was also required by former General Obligations Law § 5-1501 which was in effect at the time that the subject power of attorney was executed (*see* L 1980, ch 140; *Micheli Contr. Corp. v Fairwood Assoc.*, 68 AD2d 460 [1979]). For a signature to be duly acknowledged in the manner required for a conveyance of real property, the signor must "orally acknowledge to the notary public or other officer that he or she in fact signed the document" (*Galetta v Galetta*, 21 NY3d 186, 192 [2013]; *see* Real Property Law § 292), and the notary public must "know[ ] or ha[ve] satisfactory evidence . . . that the person making it is the person described in and who executed such instrument" (Real Property Law § 303).

Here, the petitioner established his prima facie entitlement to judgment as a matter of law by demonstrating that the subject power of attorney was not duly acknowledged in the manner prescribed for the acknowledgment of a conveyance of real property. Although the power of attorney contains what is alleged to be the decedent's signature, the signature was not witnessed by a notary public and there is no indorsement or certificate by a notary public "stating all the matters required to be done, known, or proved on the taking of such acknowledgment" (Real Property Law § 306). Rather, the notary public applied his notary stamp to a blank space beneath the decedent's signature on the "Affidavit as to Power of Attorney Being in Full Force," which is dated one month after the decedent's alleged signature on the power of attorney, without providing any affirmation or confirmation that the signor came before him and demonstrated that he was who he purported to be. In light of such defects, the power of attorney was invalid and could not be used by Klavas to change the beneficiary of the decedent's annuity (*see Galetta v Galetta*, 21 NY3d at 194; *Freedman v Oppenheim*, 80 App Div 487 [1903]; *Paolillo v Faber*, 56 App Div 241 [1900]).

In opposition, Klavas failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Moreover, contrary to Klavas's contention, the petitioner's renewed motion for summary judgment was not premature (*see Haque v Daddazio*, 84 AD3d 940, 942 [2011]). Accordingly, the Surrogate's Court properly granted the petitioner's renewed motion for summary judgment on the petition. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.