Pandey v Pierce (2018 NY Slip Op 00898)





Pandey v Pierce


2018 NY Slip Op 00898


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


152852/15 5646 5645

[*1]Anuragini Pandey, et al., Plaintiffs-Appellants,
v
Paul Pierce, et al., Defendants-Respondents.


Kishner & Miller, New York (Scott Himes of counsel), for appellants.
Cuttita LLP, New York (Scott A. Koltun of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered July 22, 2016, which denied plaintiffs' motion for partial summary judgment on their first cause of action, alleging defendants' breach of the lease, unanimously affirmed, with costs. Order, same court and Justice, entered March 29, 2017, which denied plaintiffs' motion to dismiss defendants' first counterclaim, for fraud, pursuant to CPLR 3211(a)(1), (a)(7) and CPLR 3016(b), unanimously affirmed, without costs.
Plaintiffs established prima facie entitlement to partial summary judgment on their first cause of action based on the clear and unambiguous language contained in the rider to the lease, which expressly overrode any inconsistent provisions in the standard form lease (see Er-Loom Realty, LLC v Prelosh Realty, LLC, 77 AD3d 546 [1st Dept 2010], lv denied 16 NY3d 710 [2011]; Home Fed. Sav. Bank v Sayegh, 250 AD2d 646 [2d Dept 1998]). The rider provided that the residential lease term was for two years, and that defendants could cancel the lease during its second year upon 90 days prior written notice served personally upon the "owner" or sent to the owner by registered mail to the owner's Singapore address. About 60 days before the first year of the lease ended, defendants verbally informed the brokers who were involved in securing the lease that they would be vacating the premises at the conclusion of the first year of the lease. Defendants vacated the premises at the end of the first year and paid all rental obligations that were due up to that point. Plaintiffs seek to recover, inter alia, approximately five months of unpaid rent from defendants for the period the condominium unit remained unoccupied, plus the shortfall in rent for the remaining seven months of the second lease term where the premises was relet at a lower rental rate to secure a replacement tenant.
However, defendants established that triable factual issues exist as to whether the 2013 lease was void or voidable because it was executed only by the plaintiff husband, as "owner," despite the fact that he had transferred his joint interest in the condominium to his wife in 2005, and the wife (also a plaintiff herein) became the sole owner of the premises at that time. There is no evidence in the record to show that the defendants, at the relevant times during the lease execution and defendants' occupation of the unit, were aware of the wife, let alone of her legal interest in the condominium unit. The plaintiff husband, at all relevant times, held himself out as the true owner of the unit, submitted documentation to the condominium board for lease approval and had collected the checks for the rent and security deposit in his own name. At no time did plaintiff husband indicate he was acting as an agent on behalf of his wife during the lease. Those facts raise triable issues regarding the plaintiff husband's ability to independently enforce the lease terms, inasmuch as he has not shown an ownership interest in the unit (as he so claimed in the lease) and issues also exist whether he acted in the capacity of agent on behalf of his wife during the transaction at issue. As for the plaintiff wife, she was not a signatory to the lease and cannot enforce its terms.
The aforementioned facts, and reasonable inferences to be drawn therefrom, support [*2]defendants' first counterclaim, which alleges a viable cause of action for fraud connected with plaintiff husband's misrepresentations in the lease as the condominium owner, as well as his failure to return a security deposit that he was to hold in escrow and that he has not demonstrated a lawful right to retain (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Kaufman v Cohen, 307 AD2d 113 [1st Dept 2003]). To the extent plaintiffs argue that justifiable reliance upon the husband's alleged misrepresentations, as owner, could not be claimed since such information can be readily gleaned through an Internet search, we find that given the present record, no facts have been cited as would have reasonably alerted defendants to question the husband's ownership claim, particularly given the plaintiffs' broker's conduct, which buttressed the husband's ownership claim (see Port Parties, Ltd. v ENK Intl. LLC, 84 AD3d 685 [1st Dept 2011]; Cervera v Bressler, 126 AD3d 924 [2d Dept 2015]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK