Matter of Delaney (2019 NY Slip Op 02090)





Matter of Delaney


2019 NY Slip Op 02090


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-11662

[*1]In the Matter of Thomas J. Ernest Delaney. Dean Pacchiana, appellant. (File No. 758/16)


Mackey, Butts & Wise, LLP, Poughkeepsie, NY (Kyle A. Steller of counsel), for appellant.
Patrick J. Carle, New City, NY, guardian ad litem for Thomas J. Ernest Delaney.



DECISION & ORDER
In a proceeding to create a supplemental needs trust, the petitioner appeals from an amended order of the Surrogate's Court, Rockland County (Rolf Thorsen, S.), dated September 6, 2017. The amended order denied the petition to create a supplemental needs trust on behalf of an allegedly disabled person, Thomas J. Ernest Delaney, on the ground that the petitioner, as attorney-in-fact for the allegedly disabled person, lacked authority to commence the proceeding.
ORDERED that the amended order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Rockland County, for further proceedings consistent herewith.
On December 9, 2015, Thomas J. Ernest Delaney executed a statutory short form power of attorney designating Dean Pacchiana as his attorney-in-fact, and granting him authority, as his agent, to handle, among other things, "claims and litigation," "estate transactions," and "all other matters" on his behalf. On or about November 1, 2016, Pacchiana, acting as Delaney's agent under the power of attorney, commenced this proceeding in the Surrogate's Court seeking an order creating and funding a supplemental needs trust in order to provide for Delaney's "supplemental care, maintenance, support and education." The petition alleged that Delaney was disabled, had been diagnosed with paranoid schizophrenia, and received Social Security disability benefits. The petition further alleged that both of Delaney's parents were deceased, that the trust funds would consist of funds that Delaney had inherited from his mother, which had not yet been disbursed, and that the trust, when established, would enable Delaney to "maintain his medical insurance under the Medicaid Program."
The Surrogate's Court appointed a guardian ad litem to represent Delaney, and the guardian ad litem prepared a report dated March 31, 2017. In the report, the guardian ad litem found that the proposed supplemental needs trust "would not jeopardize [Delaney]'s [Medicaid] eligibility" and complied with the relevant provisions of Social Services Law § 366. However, the guardian ad litem asserted that Pacchiana, as Delaney's attorney-in-fact, was not permitted to commence a proceeding to create a supplemental needs trust on Delaney's behalf, and, further, that Pacchiana was not properly designated Delaney's attorney-in-fact. In the order appealed from, the Surrogate's Court denied the petition "for the reasons set forth in the Report of the Guardian Ad Litem." Pacchiana [*2]appeals.
To be valid, a statutory short form power of attorney must "[b]e signed and dated by a principal with capacity, with the signature of the principal duly acknowledged in the manner prescribed for the acknowledgment of a conveyance of real property" (General Obligations Law § 5-1501B[1][b]; see Matter of Batlas, 144 AD3d 791, 791-792). "Capacity" is defined as the "ability to comprehend the nature and consequences of the act of executing and granting, revoking, amending or modifying a power of attorney, any provision in a power of attorney, or the authority of any person to act as agent under a power of attorney" (General Obligations Law § 5-1501[2][c]). "A party's competence to enter into a transaction is presumed, even if the party suffers from a condition affecting cognitive function, and the party asserting incapacity bears the burden of proof'" (Pruden v Bruce, 129 AD3d 506, 507, quoting Er-Loom Realty, LLC v Prelosh Realty, LLC, 77 AD3d 546, 548; see Buckley v Ritchie Knop, Inc., 40 AD3d 794, 795). "The incapacity must be shown to exist at the time the pertinent document was executed" (Lynch v Carlozzi, 129 AD3d 1240, 1241). Such incapacity was not shown here (see Pruden v Bruce, 129 AD3d 506, 507).
Pacchiana, as Delaney's attorney-in-fact, had the authority to commence a proceeding in the Surrogate's Court for the creation of a supplemental trust in Delaney's behalf (see General Obligations Law § 5-1502H; Matter of Perosi v LiGreci, 98 AD3d 230, 238; Matter of Community Hosp. at Glen Cove v D'Elia, 79 AD2d 1025; Matter of Lando, 11 Misc 3d 866, 867 [Sur Ct, Rockland County]). Accordingly, the court should not have denied the petition on the ground that Pacchiana lacked the authority to commence the proceeding, and we remit the matter for further proceedings on the petition.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court