FoxStone Group, LLC v Calvary Pentecostal Church, Inc. (2019 NY Slip Op 04916)





FoxStone Group, LLC v Calvary Pentecostal Church, Inc.


2019 NY Slip Op 04916


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-12534
 (Index No. 501142/16)

[*1]FoxStone Group, LLC, et al., plaintiffs/counterclaim defendants-appellants, 
v
Calvary Pentecostal Church, Inc., etc., defendant/counterclaim plaintiff-respondent, Marcus Roberts, et al., defendants-respondents; Jason Bauer, et al., counterclaim defendants-appellants.


Solomon Rosengarten, Brooklyn, NY, for plaintiffs/counterclaim defendants-appellants and counterclaim defendants-appellants.
Pryor Cashman LLP, New York, NY (Matthew S. Barkan, Eric D. Sherman, and Rebecca L. Matte of counsel), for defendant/counterclaim plaintiff-respondent and defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs/counterclaim defendants and the counterclaim defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 17, 2016. The order, insofar as appealed from, granted the motion of the defendant/counterclaim plaintiff and the defendants pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the appeal by the counterclaim defendants is dismissed, as they are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiffs/counterclaim defendants; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The defendant/counterclaim plaintiff Calvary Pentecostal Church, Inc. (hereinafter the Church), is the owner of real property located at 58 and 72 Caton Place in Brooklyn. The Church entered into a letter of intent dated June 30, 2015 (hereinafter the letter of intent), with the plaintiff/counterclaim defendant FoxStone Group, LLC (hereinafter FoxStone), a real estate development company. The letter of intent set forth a "Joint Venture Proposal" regarding a proposed redevelopment of the Church's property. Subsequently, in a letter dated November 4, 2015, the Church informed FoxStone and the plaintiff/counterclaim defendant Voda Bauer Real Estate, LLC (hereinafter together the plaintiffs), that it would not proceed further with the proposed development plan set forth in the letter of intent.
The plaintiffs commenced this action against the Church, the defendant Marcus [*2]Roberts, the president and CEO of the Church, and the defendants "John Does and Jane Does 1-100" (hereinafter collectively the defendants) to recover damages for breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and unjust enrichment. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In the order appealed from, the Supreme Court, inter alia, granted the defendants' motion.
We agree with the Supreme Court's determination to direct dismissal of the cause of action alleging breach of contract, because the letter of intent expressly states that it is not a binding agreement. "It is a fundamental principle of contract interpretation that when a handwritten or typewritten provision conflicts with the language of a preprinted form document, the former will control, as it is presumed to express the latest intention of the parties'" (Home Fed. Sav. Bank v Sayegh, 250 AD2d 646, 647, quoting Kratzenstein v Western Assur. Co. of City of Toronto, 116 NY 54, 57; see Dazzo v Kilcullen, 56 AD3d 415, 416). Here, there are inconsistent provisions in the letter of intent regarding whether the parties intended it to be a binding agreement. However, the parties modified the letter of intent, with a handwritten provision, to state that it is "not intended to constitute a binding contract." Accordingly, this handwritten provision controls over the conflicting printed provisions stating that the letter of intent will become binding after a period of five days (see Dazzo v Kilcullen, 56 AD3d at 416; Home Fed. Sav. Bank v Sayegh, 250 AD2d at 647).
The complaint alleged that the Church breached a fiduciary duty owed to the plaintiffs as members of a joint venture, and that the other defendants aided and abetted the Church's breach of fiduciary duty. " The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses'" (Kaufman v Torkan, 51 AD3d 977, 979, quoting Tilden of N.J. v Regency Leasing Sys., 230 AD2d 784, 785-786 [internal quotation marks omitted]; see Mawere v Landau, 130 AD3d 986, 988; Commander Terms. Holdings, LLC v Poznanski, 84 AD3d 1005, 1009). Here, because the letter of intent was not a binding contract, the parties did not enter into a binding agreement manifesting their intent to be associated as joint venturers. Accordingly, we agree with the Supreme Court's determination to direct dismissal of the causes of action alleging breach of fiduciary duty and aiding and abetting breach of fiduciary duty (see Mawere v Landau, 130 AD3d at 988; Kaufman v Torkan, 51 AD3d at 979).
We agree also with the Supreme Court's determination to direct dismissal of the causes of action alleging breach of the implied covenant of good faith and fair dealing and tortious interference with contract, because the letter of intent was not a binding contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 815, 819; Blume v A & R Fuels, Inc., 32 AD3d 811, 812; Lakeville Pace Mech. v Elmar Realty Corp., 276 AD2d 673, 676).
Finally, we agree with the Supreme Court's determination to direct dismissal of the cause of action alleging unjust enrichment. "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Goel v Ramachandran, 111 AD3d 783, 791 [internal quotation marks omitted]). A bare legal conclusion that it is against equity and good conscience to retain an unidentified benefit is insufficient to adequately allege that an asserted enrichment was unjust (see Swartz v Swartz, 145 AD3d 818, 830; Goel v Ramachandran, 111 AD3d at 791-792). Here, the complaint does not identify the benefit the defendants allegedly obtained or explain why it is against equity and good conscience to allow the defendants to retain such benefit. Accordingly, in light of the complaint's conclusory allegations, dismissal of the unjust enrichment cause of action was warranted (see Swartz v Swartz, 145 AD3d at 830; Goel v Ramachandran, 111 AD3d at 791-792).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court